IN THE UNITED STATES DISTRICT COURT FOR THE DISRICT OF MARYLAND
(SOUTHERN DIVISION)

HUSSEIN M. ALMASHHADANI  :
42864 Alumni Terrace :
Chantilly, VA  20152 :
 :
   *Plaintiff,* :
 :
v. : Civil No.
 :
WASHINGTON METROPOLITAN AREA :
TRANSIT AUTHORITY :
600 5th St N.W :
Washington, DC  20001 :
 :
 :
THE CINCINNATI CASUALTY COMPANY :
P.O. Box 145496 :
Cincinnati, OH  45250 :
 :
 :
THE CINCINNATI INDEMNITY COMPANY :
P.O. Box 145496 :
Cincinnati, OH  45250 :
 :
and :
 :
THE CINCINNATI INSURANCE COMPANY :
P.O. Box 145496 :
Cincinnati, OH  45250 :
 :
   *Defendants* :

## COMPLAINT

Comes now the Plaintiff, Hussein M. Almashhadani, by and through his attorneys, James R. Hoffmann, Jr. and Jezic & Moyse, LLC, and hereby brings his cause of action against Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and The Cincinnati Insurance

Company, and in support thereof states as follows:

## INTRODUCTION

1. This is an action for monetary damages stemming from a motor vehicle collision on August 3, 2018. Plaintiff is seeking damages against WMATA for negligence and against Cincinnati for breach of contract.

## JURISDICTION AND VENUE

2. This action is brought pursuant to Pub. L. No. 89-774, § 81, 87 Stat. 1324, 1350 (1966). Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 as this is an action against WMATA.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that all Defendants reside in the State of Maryland and the events giving rise to the claims against The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and The Cincinnati Insurance Company occurred within the boundaries of the Southern Division of the District of Maryland.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is an adult and, at all relevant times hereto, a resident of Riverdale, Maryland.

6. Defendant Washington Metropolitan Area Transit Authority (WMATA) is an

interstate compact agency operating in the District of Columbia, Maryland, and Virginia.

7.     Defendant The Cincinnati Casualty Company is an insurance company headquartered in Ohio and doing business in Prince George's County, Maryland.

8.     Defendant The Cincinnati Indemnity Company is an insurance company headquartered in Ohio and doing business in Prince George's County, Maryland.

9.     Defendant The Cincinnati Insurance Company is an insurance company headquartered in Ohio and doing business in Prince George's County, Maryland.

10.    On or about August 3, 2018, Plaintiff was driving a vehicle southbound in the center of three lanes in the 1100 Block of Bladensburg Rd., NE, Washington, DC.

11.    At or around the same time, a bus (the "Bus") bearing marking of Defendant WMATA was traveling alongside Plaintiff's vehicle, in the same direction to his right.

12.    Suddenly and without warning, the Bus exited its lane, veering into Plaintiff's lane and colliding into Plaintiff's vehicle.

13.    The force of the impact propelled Plaintiff's vehicle to the left, where it collided with another vehicle.

14.    Defendant WMATA has denied that any of its vehicles were involved in the crash.

## COUNT I – NEGLIGENCE (WMATA)

15.    Plaintiff incorporates Paragraphs 1 – 14 as if set forth herein.

16.    Defendant WMATA was operating the Bus through its agent and/or employee at the time of the crash.

17.    Defendant WMATA was engaged in a proprietary function at the time of the

crash.

18. At all times relevant hereto, WMATA owed a duty to operate its vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

19. WMATA breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions; (c) failing to keep a proper distance from other vehicles; (d) failing to yield the right of way; and (e) negligently operating a vehicle, causing the collision.

20. As a direct and proximate result of the negligent acts of WMATA and through no contributory negligence on the part of Plaintiff, Plaintiff suffered, and will continue to suffer, serious physical injuries to his body as well as great pain and suffering.

21. As a direct and proximate result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damage, and hospital, medical, and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

22. At all times relevant hereto, Plaintiff acted with due care and without negligence.

WHEREFORE, Plaintiff Hussein M. Almashhadani demands judgment of and from Defendant Washington Metropolitan Area Transit Authority in an amount to be determined at trial, but in excess of $30,000.00 in compensatory damages, with interest and costs.

### COUNT II – NEGLIGENCE (WMATA)
### (Public Law 89-774)

23. Plaintiff incorporates Paragraphs 1 – 14 as if set forth herein.

24. Defendant WMATA was operating the Bus through its agent and/or employee at

the time of the crash.

25. The driver of the Bus was on duty and acting within the scope of the driver's agency and/or employment for WMATA at the time of the crash.

26. The driver of the Bus was engaged in a proprietary function at the time of the crash.

27. At all times relevant hereto, the driver of the Bus owed a duty to operate its vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

28. The driver of the Bus breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions; (c) failing to keep a proper distance from other vehicles; (d) failing to yield the right of way; and (e) negligently operating a vehicle, causing the collision.

29. As a direct and proximate result of the negligent acts of the driver of the Bus and through no contributory negligence on the part of Plaintiff, Plaintiff suffered, and will continue to suffer, serious physical injuries to his body as well as great pain and suffering.

30. As a direct and proximate result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damage, and hospital, medical, and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

31. At all times relevant hereto, Plaintiff acted with due care and without negligence.

32. Defendant WMATA is responsible for its driver's negligence as stated herein.

WHEREFORE, Plaintiff Hussein M. Almashhadani demands judgment of and from

Defendant Washington Metropolitan Area Transit Authority in an amount to be determined at trial, but in excess of $30,000.00 in compensatory damages, with interest and costs.

## COUNT III – *RESPONDEAT SUPERIOR* (WMATA)

33. Plaintiff incorporates Paragraphs 1 – 14 as if set forth herein.

34. At all relevant times, the driver of the Bus that struck Plaintiff's vehicle was employed by or acting as the agent of Defendant WMATA and was acting within the scope of his agency or employment by Metro Investigation.

35. At all relevant times, the driver of the Bus that struck Plaintiff was on duty.

36. At all relevant times, the Bus that struck Plaintiff was titled in the name of Defendant WMATA.

37. The Bus that struck Plaintiff was provided to the driver of the Bus by Defendant WMATA.

38. At all times relevant hereto, the driver of the Bus owed a duty to operate the vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

39. The driver of the Bus breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions; (c) failing to keep a proper distance from other vehicles; (d) failing to yield the right of way; and (e) negligently operating a vehicle, causing the collision.

40. As a direct and proximate result of the negligent acts of the driver of the Bus and through no contributory negligence on the part of Plaintiff, Plaintiff suffered, and will continue to suffer, serious physical injuries to his body as well as great pain and suffering.

41.     As a direct and proximate result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damage, and hospital, medical, and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

42.     At all times relevant hereto, Plaintiff acted with due care and without negligence.

43.     Defendant WMATA is responsible for its driver's negligence as stated herein.

WHEREFORE, Plaintiff Hussein M. Almashhadani demands judgment of and from Defendant Washington Metropolitan Area Transit Authority in in an amount to be determined at trial, but in excess of $30,000.00 in compensatory damages, with interest and costs.

## COUNT IV – BREACH OF CONTRACT (THE CINCINNATI CASUALTY COMPANY)

44.     Plaintiff incorporates Paragraphs 1 – 14 as if set forth herein.

45.     The Bus that struck Plaintiff was driven and owned by an unknown motorist.

46.     Plaintiff does not know which, if any, insurance company provided insurance for the vehicle driven by the unknown motorist.

47.     At the time of the crash, Plaintiff was insured by The Cincinnati Casualty Company, Policy Number 05A010775581 (the "Policy").

48.     The Policy was entered into in Prince George's County, Maryland.

49.     Pursuant to the Policy, Plaintiff is entitled to recover from The Cincinnati Casualty Company any sum he would be entitled to recover from an uninsured motorist for causing injuries arising out of the operation, maintenance or use of a motor vehicle.

50.     The unknown, and therefore uninsured, motorist owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other

persons.

51. The uninsured motorist breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions then and there in effect; (c) failing to stop; (d) failing to keep a proper distance from other cars; (e) failing to control his speed to avoid a collision; (f) failing to yield the right of way and (g) negligently operating his vehicle, causing the collision with Plaintiff.

52. As a direct and proximate result of the negligent acts of the uninsured motorist and through no contributory negligence on the part of Plaintiff, Plaintiff suffered and will continue to suffer serious physical injuries to his body, as well as great pain and suffering.

53. As a direct result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damages, hospital, medical and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

54. At all times relevant hereto, Plaintiff acted with due care and without negligence.

55. The Cincinnati Casualty Company upon demand has failed to pay Plaintiff's damages, and therefore has breached the Policy.

WHEREFORE, Plaintiff Hussein M. Almashhadani demands judgment of and from Defendant The Cincinnati Casualty Company in an amount to be determined at trial, but in an amount to be determined at trial, but in excess of $30,000.00 in compensatory damages, with interest and costs.

COUNT V – BREACH OF CONTRACT (THE CINCINNATI INDEMNITY COMPANY)

56. Plaintiff incorporates Paragraphs 1 – 14 as if set forth herein.

57. The Bus that struck Plaintiff was driven and owned by an unknown motorist.

58. Plaintiff does not know which, if any, insurance company provided insurance for the vehicle driven by the unknown motorist.

59. At the time of the crash, Plaintiff was insured by The Cincinnati Indemnity Company, Policy Number 05A010775581 (the "Policy").

60. The Policy was entered into in Prince George's County, Maryland.

61. Pursuant to the Policy, Plaintiff is entitled to recover from The Cincinnati Indemnity Company any sum he would be entitled to recover from an uninsured motorist for causing injuries arising out of the operation, maintenance or use of a motor vehicle.

62. The unknown, and therefore uninsured, motorist owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

63. The uninsured motorist breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions then and there in effect; (c) failing to stop; (d) failing to keep a proper distance from other cars; (e) failing to control his speed to avoid a collision; (f) failing to yield the right of way and (g) negligently operating his vehicle, causing the collision with Plaintiff.

64. As a direct and proximate result of the negligent acts of the uninsured motorist and through no contributory negligence on the part of Plaintiff, Plaintiff suffered and will continue to suffer serious physical injuries to his body, as well as great pain and suffering.

65. As a direct result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damages, hospital, medical and nursing care

expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

66. At all times relevant hereto, Plaintiff acted with due care and without negligence.

67. The Cincinnati Indemnity Company upon demand has failed to pay Plaintiff's damages, and therefore has breached the Policy.

WHEREFORE, Plaintiff Hussein M. Almashhadani demands judgment of and from Defendant The Cincinnati Indemnity Company in an amount to be determined at trial, but in an amount to be determined at trial, but in excess of $30,000.00 in compensatory damages, with interest and costs.

## COUNT VI – BREACH OF CONTRACT (THE CINCINNATI INSURANCE COMPANY)

68. Plaintiff incorporates Paragraphs 1 – 14 as if set forth herein.

69. The Bus that struck Plaintiff was driven and owned by an unknown motorist.

70. Plaintiff does not know which, if any, insurance company provided insurance for the vehicle driven by the unknown motorist.

71. At the time of the crash, Plaintiff was insured by The Cincinnati Insurance Company, Policy Number 05A010775581 (the "Policy").

72. The Policy was entered into in Prince George's County, Maryland.

73. Pursuant to the Policy, Plaintiff is entitled to recover from The Cincinnati Insurance Company any sum he would be entitled to recover from an uninsured motorist for causing injuries arising out of the operation, maintenance or use of a motor vehicle.

74. The unknown, and therefore uninsured, motorist owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other

persons.

75. The uninsured motorist breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions then and there in effect; (c) failing to stop; (d) failing to keep a proper distance from other cars; (e) failing to control his speed to avoid a collision; (f) failing to yield the right of way and (g) negligently operating his vehicle, causing the collision with Plaintiff.

76. As a direct and proximate result of the negligent acts of the uninsured motorist and through no contributory negligence on the part of Plaintiff, Plaintiff suffered and will continue to suffer serious physical injuries to his body, as well as great pain and suffering.

77. As a direct result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damages, hospital, medical and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

78. At all times relevant hereto, Plaintiff acted with due care and without negligence.

79. The Cincinnati Insurance Company upon demand has failed to pay Plaintiff's damages, and therefore has breached the Policy.

WHEREFORE, Plaintiff Hussein M. Almashhadani demands judgment of and from Defendant The Cincinnati Insurance Company in an amount to be determined at trial, but in an amount to be determined at trial, but in excess of $30,000.00 in compensatory damages, with interest and costs.

                    Respectfully submitted,

                    _____/s/ *James R. Hoffmann, Jr.*_____
James R. Hoffmann, Jr.
Jezic & Moyse, LLC
2730 University Blvd., West, Suite 604
Wheaton, Maryland  20902
Tel. (240)292-7200
Fax (240)292-7225
Email:  jhoffmann@jezicfirm.com
**Federal Bar No. 13482**